## BRANDENBURG et al. v. MILEY PETRO-LEUM EXPLORATION CO.

(District Court, N. D. California, S. D. December 16, 1926.)

No. 17643.

**1. Contracts ⊚105—Contract violating statute enacted for public protection is void.**

Contract in violation of provisions of statute enacted to protect the public is void.

**2. Licenses ⊚39—Contract employing unlicensed salesmen to sell corporate stock is void and not validated by subsequent procurement of license (California Corporate Securities Act).**

Contract employing salesmen to sell corporate stock is void, where salesmen are not licensed to sell stock under California Corporate Securities Act (St. Cal. 1917, p. 673, as amended), and are not validated by subsequent procurement of license.

At Law. Action by L. L. Brandenburg and another against the Miley Petroleum Exploration Company. On demurrers to complaint. Demurrers sustained.

Knight, Boland & Christin, of San Francisco, Cal., for plaintiffs.

E. D. Reiter, of Los Angeles, Cal., and Brann, Van Duyn, Boekel & Rowe, of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. The complaint in this case is in two counts, both based upon a contract entered into between plaintiffs and defendant corporation on June 12, 1926. By this contract plaintiffs were to sell 100,000 shares of the capital stock of defendant corporation. Defendant was to pay plaintiffs a salary of $2,000 a month and bear all expenses in connection with the sale.

The first count of the complaint is for salary due and unpaid, and for expenses and outlays for which plaintiffs allege they have not been reimbursed. The second count sets up a breach of the contract by defendant corporation on October 5, 1926, when the corporation refused to deliver further stock to plaintiffs for sale by them, and asks for damages for this breach. As originally filed, the complaint contained no allegation as to wheth-

er plaintiffs were licensed to sell stock as required by the law of California. An amendment to the complaint alleged that plaintiffs procured the certificate of the commissioner of corporations, authorizing them to sell corporate securities on August 9, 1926.

The demurrers to both counts are chiefly based upon the contention that plaintiffs cannot recover upon this contract, because their own pleading shows that, at the time when the contract was made and at the time when plaintiffs commenced their performance under it, they were not licensed as brokers or agents, as required by the Corporate Securities Act.

[1] Whenever a statute is made for the protection of the public, a contract in violation of its provisions is void. It has been uniformly held in California that statutes requiring a license for those practising certain businesses which fix a penalty for doing business without securing such license are statutes made for the protection of the public. Contracts made by unlicensed persons, performance of which requires them to do the acts for which they should have been licensed, are void. 42 A. L. R. 1226, note; Levinson v. Boas, 150 Cal. 185, 88 P. 825, 12 L. R. A. (N. S.) 575, 11 Ann. Cas. 661; Firpo v. Murphy, 72 Cal. App. 249, 236 P. 968. A subsequent compliance with the statute and securing of a license does not make the void contract enforceable. Midwest Air Filters Pacific, Inc., v. Finn (Cal. App.) 251 P. 340. An exception to this rule may exist where the language of the controlling statute permits enforcing the contract, where a license is secured after the contract is entered into but before performance thereof. Houston v. Williams, 53 Cal. App. 267, 200 P. 55.

[2] In the present case the statute applicable is the Corporate Securities Act (St. 1917, p. 673 as amended), which requires a broker or agent to secure a license before selling any corporate securities. Selling such securities without a license is an indictable offense. People v. Main (Cal. App.) 242 P. 1078. From the general nature of the statute and the penalty provided, it is clear that contracts made in violation of its provisions are void. This being the case, plaintiffs in the present action are relying upon a void contract which, since the Corporate Securities Act contains no such qualifying language as does the statute in regard to real estate brokers, has not been in any way validated by their subsequently procuring a license.

It follows that the demurrer to both counts of this complaint must be sustained. So ordered.